**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUINAN LIN,<br><br>              Petitioner,<br><br>      v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>              Respondent. | No.    12-74203<br><br>Agency No. A088-290-414<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 12, 2017
Honolulu, Hawaii

Before: SCHROEDER, D.W. NELSON, and McKEOWN, Circuit Judges.

Huinan Lin ("Lin") petitions for review of the Board of Immigration

Appeals' ("BIA") denial of her asylum and withholding of removal claim. We

have jurisdiction under 8 U.S.C. § 1252, and we grant in part, deny in part, and

remand to the BIA.

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review factual findings, including findings that an alien has failed to establish eligibility for asylum or withholding of removal and adverse credibility findings, for substantial evidence. *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014). "Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012). The BIA's finding of ineligibility for relief will be reversed only if the evidence "compels" the reversal. *Tang v. Gonzales*, 489 F.3d 987, 990 (9th Cir. 2007). "Whether an immigration proceeding violates an alien's due process rights is a purely legal issue and is reviewed de novo." *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009) (citation omitted).

First, Lin's opening brief does not specifically challenge or discuss the BIA's finding that she failed to show a well-founded fear of future persecution in China based on the fact that she has two children, one of whom was born in the United States. Accordingly, Lin has waived any challenge to this finding. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996).

Lin also argues that using her husband, Huomin Cao's ("Cao") asylum application and transcript violated her Fifth Amendment right to a full and fair hearing because she was not given the opportunity to produce Cao's testimony or

2

to review the materials from his immigration proceedings. However, Lin never presented this claim to the BIA. Further, the error was procedural, given that the IJ could have adjourned the hearing to provide the Petitioner an opportunity to produce her husband's testimony and to review the evidence the government introduced. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Thus, Lin's due process claim is unexhausted such that the panel lacks jurisdiction to address it. *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013).

Finally, the BIA's adverse credibility determination was not supported by substantial evidence because the BIA, in adopting the Immigration Judge's ("IJ") rationale, used omissions and discrepancies in Cao's asylum application and testimony in his own immigration proceedings to find Lin not credible. *See Bao v. Gonzalez*, 460 F.3d 426, 431–32 (2d Cir. 2006) (finding that there was no basis for assuming Bao's account was fabricated and her husband Zheng's was the correct account of facts). The IJ found that nothing in Lin's demeanor detracted from her credibility, yet rejected all of Lin's explanations, even when she stood by her own version of events. We conclude that the overall reliance on Cao's asylum application and prior testimony was arbitrary.

As Lin argues, the totality of the circumstances compel that she should be deemed credible. Because neither the BIA nor the IJ made an adverse credibility

3

finding against Lin's witness, Xiao Qin Lin ("Qin Lin"), we treat her factual allegations as true. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010). Qin Lin testified that she knew Lin was involuntarily taken by officials to have the abortion performed. Qin Lin stated that she took care of Lin two days after the abortion while she was crying, pale, and weak. *See Shrestha v. Holder*, 590 F.3d 1034, 1040–41 (9th Cir. 2010) (stating that the IJ should not ignore evidence that corroborates the alien's claim). The 1999 Country Conditions Report notes that forced abortions and sterilizations occurred despite China's official policy. *Zhu v. Gonzales*, 493 F.3d 588, 598 (5th Cir. 2007). Further, as part of the evidence in her case, Lin provided documentation from Jiangjing Town Hospital showing that she had an abortion on December 27, 2000. Lin also provided a notice addressed to her to report for IUD and pregnancy checks from the Cangxi Village Committee. The notice stated that if she did not report to the Family Planning Office, she "will be punished pursuant to relevant Family Planning Regulations." A note from Dr. Gwendolyn P. Chung and Dr. Diana Y. Huang in Hawaii showed that Respondent's second IUD was removed on September 15, 2008. The Government did not object to the submission of these copies and there was nothing in the record to "support a finding that the documents [were] not credible." *See Wang v. Ashcroft*, 341 F.3d 1015, 1021 (9th Cir. 2003) (finding

4

documentary support credible where "there was no opposition to the introduction or challenge to the authenticity of these documents by the INS," even where the IJ found the documents unbelievable).  Because the documentation and Qin Lin's testimony are credible, they corroborate her past persecution claim, i.e., that she had a forced abortion and multiple IUD insertions.  *See Shrestha*, 590 F.3d at 1040–41.

After a reversal of an adverse credibility determination, "[w]e must now decide whether we determine eligibility for asylum and withholding of removal or whether we remand for a determination by the BIA."  *Wang*, 341 F.3d at 1023.  As set forth above, this Court finds credible Lin's claim that she was forced to abort her pregnancy.  *See He v. Ashcroft*, 328 F.3d 593, 604 (9th Cir. 2003).  As a victim of forced abortion, Lin is therefore statutorily eligible for asylum and "entitled to withholding of removal as a matter of law."  *Tang*, 489 F.3d. at 992.  Based on the totality of circumstances, there is no "reasonable prospect from the administrative record that there may be additional reasons upon which the IJ or BIA could rely" to find her claim not credible.  *Soto-Olarte v. Holder*, 555 F.3d 1089, 1094-95 (9th Cir. 2009).

In sum, we grant the petition in part and hold that Lin is entitled to withholding of removal as a matter of law.  In addition, since Lin is statutorily

eligible for asylum, we remand to the BIA so that the Attorney General may exercise its discretion in granting asylum. *See* 8 U.S.C. § 1158(b)(1); *Tang*, 489 F.3d. at 992. We deny the petition in part as to the due process violation claim and challenge to the IJ's finding of fear of future persecution.

The parties shall bear their own costs on appeal.

**GRANTED IN PART, DENIED IN PART, and REMANDED.**